Per Curiam.
This action was brought to recover the balance of $384,188.95, with interest, from November 21, 1886, alleged to be due upon a certain judgment recovered against the defendant in the circuit court of the United States for the southern district of New York on or about the 31st of August, 1883. No answer having been interposed, an application was made for the examination of certain officers of the plaintiff in order to prepare the answer. It appears from the affidavit on which the application is founded that the judgment mentioned was founded upon another judgment rendered in England; and that by the latter the plaintiff was directed to deliver to the defendant, on payment of certain sums, securities alleged to belong to the defendant, and which the plaintiff holds as collateral security; that although these securities were in the possession and under the control of the plaintiff, it had, notwithstanding the order of the English court, rendered itself unable to comply with the order by transferring to third parties the property of the defendant, and that on tender being made of the amount of cash payable by the defendant as a condition of the delivery of this property, the plaintiff neglected and refused to deliver any of it; that under the English judgment all dividends and interest received by the plaintiff or its assignors on account of the property mentioned were to be credited to the defendant; that large amounts of such interest and dividends have been received *149 by the plaintiff, the exact amount of which is unknown to the defendant.
It is further alleged that the plaintiff has or had in its possession other property particularly mentioned which was not the subject of the English judgment or included in the decree in that action, and in reference to which the plaintiff has received large amounts of dividends.
It is not necessary to pursue this examination of the affidavit any further, because sufficient is already stated to show that the examination of the persons named is proper. This does not appear, from the averments contained in the affidavit, to be a fishing expedition, but one founded upon the meritorious presentation of facts, which, if true, form a material allegation in defense to the action. When this appears, it is not only proper but eminently just that the examination sought should be allowed. The action being for a balance, as already stated, the balance must necessarily depend upon the accounts between the parties; and those accounts ought to be open to inspection in all the modes provided for by the practice of the court.
It is not meant by anything contained in this opinion to assert the right of the defendant to an inspection and examination of the books and accounts of the plaintiff, as contemplated by section 803 of the Code. But the said books should be produced to enable the witnesses to answer by reference to the books the questions pertinent to the subject to be investigated upon such examination.
The order should be reversed, with ten dollars costs and disbursements to abide the event; and the order for the examination granted, such order to be settled upon notice.